1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorney for Plaintiff
   Albert George Curtis
6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11  ALBERT GEORGE CURTIS,                    )  No.
                                             )
12            Plaintiff,                      )  **COMPLAINT ASSERTING DENIAL OF**
                                             )  **RIGHT OF ACCESS UNDER**
13       vs.                                  )  **AMERICANS WITH DISABILITIES ACT**
                                             )  **FOR INJUNCTIVE RELIEF,**
14  GROCERY OUTLET, INC. dba GROCERY          )  **DECLARATORY RELIEF, DAMAGES,**
    OUTLET BARGAIN MARKET; VALLEY             )  **ATTORNEYS' FEES AND COSTS (ADA)**
15  OAKS SHOPPING CENTER, L.P.,               )
                                             )
16            Defendants.                     )
                                             )
17                                            )
                                             )
18  _____ )

19                        **I. SUMMARY**

20       1.      This is a civil rights action by plaintiff ALBERT GEORGE CURTIS

21  ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land,

22  development, and/or surrounding business complex known as:

23            Grocery Outlet
              2323 S. Mooney Blvd.
24            Visalia, CA  93277
              (hereafter "the Facility")
25

26       2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27  costs, against GROCERY OUTLET, INC. dba GROCERY OUTLET BARGAIN MARKET;

28  and VALLEY OAKS SHOPPING CENTER, L.P.  (hereinafter collectively referred to as

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

1   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101

2   et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3       3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

4   ADA claims.

5       4.      Supplemental jurisdiction for claims brought under parallel California law –

6   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

7       5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

8       6.      All actions complained of herein take place within the jurisdiction of the

9   United States District Court, Eastern District of California, and venue is invoked pursuant to

10  28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

11      7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

12  persons), firm, and/or corporation.

13      8.      Plaintiff requires the use of a wheelchair when traveling about in public.

14  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

15  United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

16      9.      The Facility is a public accommodation facility, open to the public, which is

17  intended for nonresidential use and whose operation affects commerce.

18      10.     Plaintiff visited the Facility and encountered barriers (both physical and

19  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

20  goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

21  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

22  about February 25, 2013, February 27, 2013, April 13, 2013, April 27, 2013, May 28, 2013,

23  May 29, 2013, June 1, 2013, June 12, 2013, and June 26, 2013:

24  ///

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

a)     On all occasions Plaintiff had difficulty maneuvering his wheelchair toward the entrance of the Facility because the sidewalk in front of the Facility was blocked by shopping carts and pallets containing items on display for sale.  Plaintiff was forced to maneuver his wheelchair within the driveway used by, and in close proximity to passing vehicles.

b)     On all occasions Plaintiff had difficulty completing his transactions at the registers, including the one identified as accessible, because the counters were too high.  Plaintiff was forced to reach up every time he had to sign a receipt, which was uncomfortable for Plaintiff. Plaintiff was not able to locate, nor was he ever being offered an alternate writing platform.

c)     Plaintiff could not use the designated parking spaces in front of the Facility because he knows, from previous visits to the Facility, that he cannot park and unload safely due to the insufficient size of the parking spaces.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

1    the physically disabled.  Moreover, Defendants have the financial resources to remove these

2    barriers from the Facility (without much difficulty or expense), and make the Facility

3    accessible to the physically disabled.  To date, however, Defendants refuse to either remove

4    those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

5         14.    At all relevant times, Defendants have possessed and enjoyed sufficient

6    control and authority to modify the Facility to remove impediments to wheelchair access and

7    to comply with the 2010 Standards for Accessible Design and the California Code of

8    Regulations Title 24.   Defendants have not removed such impediments and have not

9    modified the Facility to conform to accessibility standards.  Defendants have intentionally

10   maintained the Facility in its current condition and have intentionally refrained from altering

11   the Facility so that it complies with the accessibility standards.

12        15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

13   is so obvious as to establish Defendants discriminatory intent.  On information and belief,

14   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

15   adhere to relevant building standards; disregard for the building plans and permits issued for

16   the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

17   at the Facility; decision not to remove barriers from the Facility; and allowance that

18   Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

19   on information and belief, that the Facility is not in the midst of a remodel, and that the

20   barriers present at the Facility are not isolated (or temporary) interruptions in access due to

21   maintenance or repairs.

22                          **VI.     FIRST CLAIM**

23                **Americans with Disabilities Act of 1990**

24              Denial of "Full and Equal" Enjoyment and Use

25        16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

26   this claim.

27        17.    Title III of the ADA holds as a "general rule" that no individual shall be

28   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.     Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public –

1 including Plaintiff – when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

3    26.    Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

5    27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

10    28.    Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

14    29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

18    30.    Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

22    31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

24    32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

## VII.   SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

1    Government Code § 4450.

2         43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

3    exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4    structurally repaired, is required to comply with this chapter.

5         44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

6    or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7    Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

8    § 19956.

9         45.    Defendants' non-compliance with these requirements at the Facility aggrieved

10   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

11   Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

12   § 19953.

### IX.    PRAYER FOR RELIEF

14        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15        1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

16        2.    Declaratory relief that Defendants violated the ADA for the purposes of

17   Unruh Act damages.

18        3.    Statutory minimum damages under section 52(a) of the California Civil Code

19   according to proof.

20        4.    Attorneys' fees, litigation expense, and costs of suit.[2]

21        5.    Interest at the legal rate from the date of the filing of this action.

22        6.    For such other and further relief as the Court deems proper.

Dated: July 16, 2013                    MOORE LAW FIRM, P.C.

                                        /s/ Tanya E. Moore
                                        Tanya E. Moore
                                        Attorneys for Plaintiff,
                                        Albert George Curtis

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Curtis v. Grocery  Outlet, Inc., et al.*
Complaint

## VERIFICATION

I, ALBERT GEORGE CURTIS, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: _July 16, 2013_                              _Albert George Curtis_
                                                     Albert George Curtis

*Albert George Curtis v. Grocery Outlet, Inc., et al.*